**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**vs.**

**Case No. 4:04cr19-RH**
**Case No. 4:05cv106-RH/WCS**

**RAFAEL MARTINEZ PEREZ,**

**Defendant.**

**_____________________________/**

**REPORT AND RECOMMENDATION ON § 2255 MOTION**

This cause is before the court for ruling on Defendant's amended motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255. Doc. 70. The Government filed a response, and Defendant filed a reply. Docs. 72 and 73.

**Procedural History**

This Defendant and Crystal Lenhart were charged with conspiracy (together and with others) to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. § § 841(b)(1)(C) and 846 (count one). Doc. 1, p. 1. The period of the conspiracy was between September 19, 2003, and November 16, 2003. Defendants were both charged with distribution of heroin on November 14 and 16, 2003, in violation of 21 U.S.C. § § 841(a), 841(b)(1)(C), and 18 U.S.C. § 2 (counts two and three). *Id.*, p.

2. This Defendant was also charged with being a felon in possession of a firearm in violation of 18 U.S.C. § § 922(g)(1) and 924(e) (count four). *Id.*, pp. 3-4.

Defendant filed a motion to suppress the firearm and controlled substance seized on November 16, 2003. Doc. 29. Defendant also filed a motion to suppress statements made to law enforcement on that date, claiming the statements were the product of the unlawful entry and that he was not advised of his rights. Doc. 35. The motions to suppress filed by counsel were denied following a hearing. Doc. 42 (minutes of hearing held May 14, 2004).

Defendants also filed a pro se motion to dismiss the indictment (discussed ahead), signed only by this Defendant. Doc. 36. The motion was denied. Doc. 37.

Defendant then entered into a plea and cooperation agreement with the Government. Doc. 50. Defendant agreed that he faced a minimum mandatory term of 15 years, and a maximum term of life imprisonment. *Id.*, p. 2. He agreed he was pleading guilty because he was in fact guilty as charged in counts 1-4 of the indictment. *Id.*, pp. 2 and 4. He acknowledged that if the case went to trial the Government would present evidence as set forth in its statement of facts. *Id.*, p. 4.

The Government's statement of facts, doc. 49, provided as follows. On September 19, 2003, the Tallahassee Police Department (TPD) used a confidential informant to purchase .28 grams of heroin from Lenhart for $100. The informant contacted TPD on November 14, 2003, to advise that a heroin deal had been discussed with Lenhart and they were to meet. The informant was provided with monitoring equipment and $720 in cash for the deal. The informant went to the apartment and met Lenhart and Defendant, and received 1.05 grams of heroin in exchange for the cash.

Lenhart told the informant she wanted the informant to sell heroin for "them," and both Lenhart and Defendant talked about getting more heroin from an out of town source. Later the same date, TPD and the Drug Enforcement Agency (DEA) executed a warrant on the apartment and found drug paraphernalia and 8.23 grams of heroin. Defendant "admitted it was his and that he had it for sale," and "also admits, by way of this plea, that during the times set forth in the indictment herein, co-defendant Lenhart sold heroin that she had received from defendant Perez to other users in Tallahassee." *Id.*, p. 2. Defendant admitted that it was his rifle found in the apartment, and that he had previous felony convictions.

At the change of plea hearing, Defendant was placed under oath. Doc. 81, p. 3. Defendant was handed the statement of facts and acknowledged that his signature was on it. *Id*., p. 7. He said that before he signed it, he read it line by line and word by word. *Id*., p. 8. When asked whether there was anything in the statement of facts that he disagreed with, Defendant identified the part where it was said that he himself brought the rifle across a state line. *Id*. The court explained that all that had to be proved was that the rifle was manufactured outside the State of Florida and therefore, at some time in its history, crossed the line into Florida. *Id*., p. 9. Defendant understood, and said that there was nothing else in the statement of facts that he did not agree with. *Id*., p. 9. When asked if he was in the heroin business, Defendant said he sold heron "to make some money to buy some more heroin to support a habit." *Id*., p. 11. He admitted he made heroin sales. *Id*., pp. 11-12.

Defendant was sentenced to 203 months imprisonment on each count to be served concurrently. Doc. 61 (judgment entered on the docket on August 17, 2004). He did not appeal.

**Standard of Review**

> Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal. Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"

Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.), *cert. denied*, 543 U.S. 891 (2004) (citations and footnotes omitted).

An issue not raised on appeal is procedurally barred and will not be reviewed absent a showing of cause and prejudice, or of actual innocence. United States v. Nyhuis, 211 F.3d 1340 , 1344-45 and n. 5 (11th Cir. 2000) (citations omitted). *See also* Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003) (noting "the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citations omitted).

A claim of ineffective assistance of counsel is itself a constitutional claim, and is cognizable under § 2255 whether or not it could have been raised on appeal. Massaro v. United States, 538 U.S. at 504, 123 S.Ct. at 1693-94 (ineffectiveness claim could be brought under § 2255 in the first instance); Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000) ("ineffective assistance adequate to

establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim.") (emphasis by the Court).

Ineffective assistance of counsel is a two part inquiry. "A convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," and must also "affirmatively prove prejudice." Strickland v. Washington, 466 U.S. 668, 690, 693-694, 104 S.Ct. 2052, 2066-68, 80 L.Ed.2d 674 (1984). The court need not approach the Strickland inquiry in any particular order, or address both prongs if an insufficient showing is made on one. 466 U.S. at 697, 104 S.Ct. at 2069. Defendant "bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a *Strickland* claim, and both prongs must be proved to prevail." Johnson v. Alabama, 256 F.3d 1156, 1176 (11th Cir. 2001), *cert. denied*, 535 U.S. 926 (2002). The cases which prevail under Strickland "are few and far between." *Id.* (citation omitted).

To show prejudice where ineffective assistance of counsel is alleged in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 467 U.S. 52, 59, 106 S.Ct 366, 370, 88 L.Ed.2d 203 (1985) (footnote omitted). To show prejudice due to alleged ineffectiveness at sentencing, Defendant must establish a reasonable probability that, absent counsel's errors, the sentencer would have sentenced him differently. Strickland, 466 U.S. at 695, 104 S.Ct. 2069 (discussing prejudice in the context of a death sentence); Glover v. United States, 531 U.S. 198, 200, 202-204, 121 S.Ct. 696, 698, 700-701, 148 L.Ed.2d

604 (2001) (assuming sentencing guidelines error, a resulting increase in sentence by at least 6 and possibly 21 months would constitute prejudice under Strickland).

**Grounds One and Two**

In ground one, Defendant claims that his sentencing enhancement was unconstitutional and denied due process, because based on facts not found by a jury. Doc. 70, p. 3. He alleges that trial counsel[1] was ineffective for failing to object to "inferences that were substantially false and misleading" in the PSR, because the record shows he was only involved with 9.56 grams of heroin, "which was for personal consumption and merely results in a possession charge." *Id.*, referencing ¶ 10 of the PSR.[2] Defendant claims a factual finding of quantity had to be made by a jury under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Id.*

In ground two, Defendant claims that drug quantity had to be charged in the indictment and proven to a jury beyond a reasonable doubt. *Id.* Defendant claims that trial counsel should have been aware of this under Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). *Id.* Defendant asserts that

---

[1] When asked to state why these grounds were not previously presented, Petitioner asserts ineffectiveness of trial counsel and failure to raise the grounds on appeal. Doc. 70, ¶ 17. This is not read as a separate claim of failure to file an appeal, but, rather, a failure of trial counsel to raise the grounds at trial, which would have preserved the issues for an appeal. There is no enumerated claim of failure to file an appeal.

[2] That paragraph provides, "[t]his offense involved ***9.56*** grams of heroin consisting of the purchases by the CI of ***.28*** grams and 1.05 grams of heroin and the 8.23 grams of heroin seized by authorities when they searched Lenhart's apartment." ¶ 10 (emphasis in original). While it was believed more was involved, "the government has no historical information that could be used to substantiate additional amounts of heroin." *Id.*

he was "only accountable for 9.56 grams of heroin, mere possession, [which] would not have resulted in the sentence imposed." *Id.*

To the extent Defendant is claiming false or misleading inferences created by the PSR aside from his Blakely claim (addressed ahead), Defendant does not identify what portions of the PSR he believes are false or misleading. The Government responds that the PSR contained a typographical error as to drug quantity that was corrected, so there was nothing to which counsel could object. Doc. 72, p. 4. That a decimal point was incorrectly placed is noted in the addendum, and ¶ ¶ 7 and 10 had been corrected to reflect the correct amounts. PSR, ¶ 80.[3] The revisions reduced the amount from 12.08 to 9.56 grams, but did not affect the calculation of the guidelines. *Id.* The total drug amount of heroin was 9.56 grams – the amount Defendant claims the record supports – and while the Government believed more was involved, could not substantiate additional amounts. PSR, ¶ 10. Defendant has not shown attorney error or prejudice in failing to object to inaccuracies in the PSR.

As for Defendant's Blakely claim, he cannot demonstrate ineffective assistance of counsel. In Apprendi, the Court said that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. In Blakely, the Court applied Apprendi to a sentence enhanced under state sentencing guidelines. Ultimately, Apprendi was extended to the United

---

[3] Presumably it is the quantities set forth in those paragraphs which were emphasized in bold italics (*see supra*, n. 1) which were corrected.

States Sentencing Guidelines in United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

At the time of Defendant's sentencing (after Apprendi and Blakely but before Booker), the district judge had found the guidelines unconstitutional under Blakely. Doc. 82 (transcript of sentencing on August 13, 2004), pp. 4, 7. In imposing sentence at 203 months, about "a third of the way up in the guidelines range," the court said "I have ruled that *Blakely* applies to the Federal Sentencing Guidelines . . . and the effect of the *Blakely* decision is to render the guidelines non-binding. That means that in this case I would be free to impose a sentence anywhere from the minimum mandatory of 180 months up to the statutory maximum, which is life in prison." *Id.*, p. 8.[4] The court thought it was still appropriate to consider the guidelines. *Id.*, pp. 8-9. The fact that Defendant provided truthful information to the Government was considered in Defendant's favor, but consideration of all the circumstances did not justify a sentence at the bottom of the guidelines range or below it. *Id.*, pp. 9-10. The court imposed sentences of 203 months on the four counts, to be served concurrently. *Id.*, p. 11.

Defendant cannot show error of counsel or prejudice for failing to make a Blakely argument, as the application of Blakely to the guidelines was addressed and decided in Defendant's favor.[5] The court applied the guidelines as advisory, the approach ultimately deemed correct in Booker. *See also* Cunningham v. California, 549 U.S. __,

[4] The guidelines range was 188-235 months. PSR, ¶ 64.

[5] The Government argues that Blakely and Booker do not apply retroactively in § 2255 cases. Doc. 72, pp. 4-5. While correct, it is beside the point as Defendant raises the claim in the context of ineffective assistance of counsel. Moreover, Blakely was decided before Defendant's sentencing, and at sentencing the court followed the procedure later dictated by Booker.

127 S.Ct. 856, 867, 166 L.Ed.2d 856 (2007) (explaining that Booker prescribed a system in which judges would not "be tied to" the guidelines range but would have to "take account of" them, subject to a reasonableness standard of review[6]); United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007) ("[w]hen the district court applies the Guidelines in an advisory manner, nothing in *Booker* prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admissions.") (citation omitted).

Further, it seems that Defendant's objection is less about the finding of drug quantity, which did not increase his sentence, than that the quantity of 9.56 grams could only support a charge of possession of heroin. He argues that he was only a heroin user. While it undoubtedly was true that Defendant became involved with sale of heroin to support his addiction, the drug charges Defendant pleaded guilty to were conspiracy to distribute and possess with intent to distribute heroin and distribution of heroin. Doc. 81, p. 6. Defendant told the court he was a heroin addict and "just trying to make some money to buy some more heroin to support a habit," and sometimes sold heroin to get the money to buy heroin to use. *Id.*, p. 11. He would provide the heroin to codefendant Lenhart, who would make the sales, then the two would use the money to buy heroin for themselves. *Id.*, p. 12. Further, the first drug sale was for .28 grams of heroin for $100. Doc. 49, p. 1. That presumptively is a user quantity. The amount of heroin attributed to

[6] The Supreme Court recently held that appellate courts may, consistent with Booker, apply a presumption of reasonableness to a sentence imposed within the guidelines. Rita v. United States, __ U.S. __, __ S.Ct. __, 2007 WL 1772146 at * 6 (June 21, 2007) (see also at *9, repeating this is an appellate presumption; "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.") (citing Booker, other citations omitted).

Defendant, 9.56 grams, is approximately 34 times the $100 amount, consistent with intent to sell. The quantity of drugs attributable for sentencing purposes does not, under Blakely or otherwise, undermine the plea and admission of guilt to conspiracy and distribution. Ineffective assistance of counsel is not shown.

**Ground Three**

In ground three, Defendant faults counsel for failing to make the following arguments: that 18 U.S.C. § 922(g)(1) is vague and over broad, and therefore deprived the court of subject matter jurisdiction; that Defendant could not be an armed career criminal as the Government did not file an information under 21 U.S.C. § 851; that the Government did not prove beyond a reasonable doubt that the gun was used in a crime of violence or serious drug offense, as the record discloses mere possession; and that the record is vague as to which guideline provision – 2K2.1(b), 2K2.1(b)(5), or 2K2.2(c)(1) – was used to enhance his sentence. Doc. 70, p. 4.

Defendant does not articulate the basis for a claim that § 922(g)(1) is vague or over broad. In response, the Government argues that the court interpreted § 922(g)(1) as the Eleventh Circuit did in United States v. Scott, 263 F.3d 1270 (11th Cir. 2001). Doc. 72, p. 5. The court followed the Eleventh Circuit's interpretation, it is argued, thus counsel was not ineffective for failing to raise this claim. Defendant does not address this claim in his reply.

To the extent Defendant is raising the Commerce Clause challenge rejected in Scott, he has not shown error. *See also* United States v. Dunn, 345 F.3d 1285, 1297 (11th Cir. 2003), *cert. denied,* 542 U.S. 906 (2004) (Scott forecloses a Commerce Clause challenge to § 922(g)) (also collecting cases from the Second, Sixth, Seventh,

Eighth, and Tenth Circuits). He has not articulated any specific challenge to the statute, so to the extent he raises some other challenge his claim is insufficient to demonstrate error of counsel or prejudice.

The Government does not address Defendant's claim that an information under § 851 was not filed. See doc. 73 (reply, noting that the Government "does not dispute or even address" this argument). A review of the docket reveals that, as Defendant claims, no notice was filed.

Under 21 U.S.C. § 851(a),

> No person who stands convicted of an offense *under this part* shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney filed an information on the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

(Emphasis added).

The Armed Career Criminal Act (ACCA) is not set forth "under this part;" it is contained in Title 18 of the United States Code. 18 U.S.C. § 924(e). There is no requirement of notice before the Government seeks an enhancement under § 924(e); indeed the enhancement should be applied automatically in the appropriate case, regardless of whether the Government seeks enhancement. United States v. Gibson, 64 F.3d 617, 625 (11th Cir. 1995), *cert. denied*, 517 U.S. 1173 (1996) (citations omitted). In the case of a guilty plea and plea agreement, due process requires that a defendant receive reasonable notice and an opportunity to be heard regarding the prior convictions. 64 F.3d at 625 (citation omitted). *See also* United States v. Mack, 229 F.3d 226, 231 (3d Cir. 2000) (formal pretrial notice is not required by the ACCA or due process, but a defendant must receive reasonable notice and an opportunity to be

heard) (citing Gibson, other citations omitted), *cert. denied*, 532 U.S. 1045 (2001).[7] Defendant does not claim that he did not have reasonable notice or an opportunity to be heard regarding his prior convictions. Ineffectiveness of counsel is not shown.

Defendant's claim that counsel should have challenged the lack of proof that the gun was used in a crime of violence or serious drug offense is unpersuasive as no such showing was required. The offense was possession of a firearm as a convicted felon, and the sentence was enhanced based on prior convictions for a violent felony or a serious drug offense. § § 922(g)(1) and 924(e).

Defendant claims that counsel should have argued that "the record is vague as to what provision was used to enhance the [Defendant] under [U.S.S.G. § §] 2K2.1(b), 2K2.1(b)(5), or 2K2.2(c)(1)(A) what provision used is absent in the record." Doc. 70, p. 4. Defendant does not allege any error and his point is not clear. The counts were grouped together for sentencing, so the highest offense level in the group would apply. PSR, ¶ 15.

> The guideline applicable to Counts 1, 2 and 3 is § 2D1.1. The Guideline applicable to Count 4 is § 2K2.1. Because § 2K2.1 will yield the highest offense level, § 2K2.1 will be used to calculate the defendant's guidelines.

PSR, ¶ 15. Section 2K2.1(a)(2) provided the base offense level, and § 2K2.1(b)(5) provided a four level increase as Defendant used or possessed a firearm or ammunition

---

[7] It makes sense that formal notice is required for drug offenses but not for ACCA sentencing, as a defendant has no right to collaterally attack prior convictions (with the sole exception of convictions obtained in violation of the right to counsel) which are used to enhance his sentence under the ACCA. Custis v. United States, 511 U.S. 485, 487-492, 114 S.Ct. 1732, 1734-36, 128 L.Ed.2d 517 (1994). The Court contrasted the language of § 924(e), providing that convictions which have been expunged or set aside should not be counted, with the language of 21 U.S.C. § 851(c), which sets forth specific procedures for challenging prior convictions used to enhance a federal drug offense. *Id.*

in connection with another felony offense. PSR, ¶ ¶ 16-17. Section 2K2.2 was not applied here.[8] Defendant has not articulated any argument counsel could have made as to the application of these sections or the alleged vagueness of the PSR, and has not identified attorney error or prejudice.

**Ground Four**

Defendant claims ineffectiveness for counsel's failure to file a motion to dismiss the indictment based on denial of a speedy trial, and the Government's failure to file an indictment within a reasonable time. Doc. 70, p. 4. Defendant alleges he was arrested by state and federal officials on November 16, 2003, the state postponed a plea based on the federal "hold," and Defendant was not indicted federally until March 20, 2004. He claims he was not arraigned until March 25, 2004, outside the 48 hour time limit of the statute.

The Government responds that Defendant himself filed a motion to dismiss the indictment, which was denied, and that Defendant miscalculates the time from which the speedy trial time commenced under 18 U.S.C. § 3161(c)(1). Doc. 72, p. 5. Defendant responds that the court did not rule on the merits of his motion. Doc. 73, p. 2.

In the pro se motion, Defendant argued on behalf of himself and his co-defendant that they were arrested on November 16, 2003, and federal officials placed a "hold" on them while they were in state custody. He argued that on March 9, 2004, the State of Florida postponed "plea hearing [arraignment] due to Federal Law enforcement having a hold on the [Defendants]." Doc. 36, p. 3. He argued that the Government

[8] That section was deleted in 1991 upon consolidation with § 2K2.1. Amendment 374, effective November 1, 1991.

brought an indictment outside the time limits prescribed by the Speedy Trial Act. *Id.*, pp. 3-4. Defendant argued that the Government lacked subject matter jurisdiction for failing to bring an indictment within 30 days of arrest, and did not bring Defendant for a first appearance within 48 hours of the indictment. *Id.*, p. 4.

The pro se motion was denied because the Defendants were represented by counsel and could only file motions through their attorneys. Doc. 37. The court also found, "*[m]ore importantly*, the motion does not allege grounds sufficient to warrant dismissal of the indictment." *Id.*, p. 1 (emphasis added).

The motion to dismiss was found to be without basis and the motion raised the same issues Defendant now claims counsel should have raised. Therefore, Defendant cannot show error or prejudice for counsel's omission. Moreover, even if there is a joint investigation by state and federal officials resulting in an arrest on state charges, the Speedy Trial Act requirement that an information or indictment be filed within 30 days of arrest is triggered only by a *federal* arrest. United States v. Russo, 796 F.2d 1443, 1450-51 (11th Cir. 1986) (citations omitted); United States v. Bell, 833 F.2d 272, 277 (11th Cir. 1987), *cert. denied*, 486 U.S. 1013 (1988) ("[t]he federal courts have universally followed the construction of the statute that is exemplified in *United States v. Russo* . . . .").

The indictment was returned on March 2, 2004. Doc. 1. An arrest warrant was issued on March 3, 2004, and executed when Defendant was picked up from the Leon County Jail on March 25, 2004. Docs. 4, 6, 16 (warrant as returned by the United States Marshal). The first appearance was held that day – March 25, 2004 – and an order setting trial and other pretrial matters was entered. Doc. 15. Defendant has not

shown any improper delay prior to his indictment or after his arrest, and has not demonstrated ineffective assistance of counsel for failing to raise such a claim.

**Recommendation**

It is therefore respectfully **RECOMMENDED** that Defendant's amended § 2255 motion, doc. 70, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on June 29, 2007.

**s/ William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**