**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.                                                                     **4:04cr19-RH**
                                                                            **4:08cv36-RH/WCS**
**RAFAEL PEREZ,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION TO DISMISS PETITION

Defendant, incarcerated in this district, filed a petition for writ of habeas corpus challenging the judgment in this case.  Doc. 86.  He asserts ineffective assistance of counsel in the context of his guilty plea, and for failing to advise of the right to appeal.  Defendant contends that habeas corpus is appropriate as no other avenue of relief is available.

Defendant is in custody, and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," and any remedy must therefore be sought pursuant to 28 U.S.C. §

2255.  § 2255; United States v. Brown, 117 F.3d 471, 475 (11th Cir.1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.").

Defendant has already been denied § 2255 relief.  Docs. 83, 84 and 85 (report and recommendation as adopted by the court and judgment entered on August 7, 2007).  He must therefore obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 ¶ 8 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

Defendant may not avoid this restriction by labeling his motion as a petition for writ of habeas corpus.  Section 2255 provides in relevant part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

(emphasis added).

The Eleventh Circuit addressed the italicized "savings clause" language in the context of a habeas corpus petition bringing claims clearly barred by the successive motion provisions of § 2255:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent defense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted).  The court found it "enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."  Id. at 1245.  A petitioner may not circumvent restrictions on filing § 2255 motions simply by filing a § 2241 petition. Id.; Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford).

Authorization has not been granted so the court lacks jurisdiction to consider a second or successive § 2255 motion.  This restriction does not render § 2255 inadequate or ineffective for purposes of allowing Defendant to proceed with a petition for writ of habeas corpus.  Defendant has not otherwise demonstrated entitlement to proceed with a habeas corpus petition under the savings clause of § 2255.

It is therefore respectfully **RECOMMENDED** that the petition for writ of habeas corpus, doc. 86, be **SUMMARILY DISMISSED** as Defendant is not entitled to proceed under the "savings clause" of § 2255, and authorization for filing a second or successive § 2255 motion has not been granted.

**IN CHAMBERS** at Tallahassee, Florida, on February 1, 2008.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**